SANDERS, Justice.
Plaintiffs appeal from a judgment of the district court which affirmed an order of *980 Louisiana Public Service Commission modifying a certificate of convenience and necessity in a correction procedure. We reverse.
Preston J. Barras applied for the original certificate on September 23, 1938, pursuant to the so-called “Grandfather Clause” of Act 301 of 1938. He sought authority as a motor freight carrier to transport:
“Household goods and office equipment; heavy machinery and articles requiring special handling or services; 'and general merchandise moving in pool cars and distributed on orders of customer throughout Louisiana.”
On May 5, 1939, when the petition was heard, Barras orally amended the language relating to machinery and articles to read:
“heavy machinery and heavy articles throughout Louisiana. . . ”
On September 15, 1939, the Commission handed down an order subscribed by all of its members granting a certificate of convenience and necessity and describing the operational authority conferred. On the same day, the Commission issued Certificate No. 5068 in conformity to the order. The order and certificate read:
“heavy machinery and related articles requiring special handling or services.”
At the time of issue, the petitioner raised no objection to the order and certificate by motion for rehearing or otherwise.[1]
The certificate was later transferred to Mrs. Barras and leased to Saia Motor Freight Line, Inc.
Some 22 years after the certificate issued, Saia and Mrs. Barras petitioned the Commission to delete the word “related” from the certificate, taking the position that the insertion of that limitation was a clerical error. The plaintiffs, Herrin Transportation Co. and other competing carriers, opposed the change, pointing out that the deletion of the limitation would greatly expand the certificate into wide-open operational authority without an evidentiary hearing as to public convenience 'and necessity.
After taking the petition under advisement, the Commission ordered the amendment.
Supporting the position of opponents, Clayton Coleman, a former secretary of the Louisiana Public Service Commission, testified that the use of the word related in this type of certificate had been the uniform practice of the Commission for many years. He testified that the limitation in the order was not inadvertent, but “was *982 done deliberately.” ■ His testimony is most persuasive that the certificate correctly reflected the intention of the Commission.
Searching for the subjective intent of the 1939 Commissioners, however, is futile. There can be no doubt that the deletion made by the Commission produces a drastic expansion of the operating rights under the certificate and alters the substance of the original order. The crucial question then is whether the Louisiana Public Service Commission can legally broaden the 1939 certificate by amendment without adhering to the regular procedures and receiving evidence of public convenience and necessity. We think not.
As we have observed, the petitioner made no objection to the Commission’s order through a motion for rehearing or appeal to the courts. The order became final. Twenty-two years elapsed before the present petition was filed. In our opinion, the law permits no substantial enlargement of the certificate without a hearing to determine whether the public convenience and necessity justify the additional operation. See LSA-R.S. 45:164.
The applicable law is correctly summarized by the Supreme Court of Florida in Peoples Gas System, Inc. v. Mason, 187 So.2d 335 (1966) as follows:
“ . . . orders of administrative agencies must eventually pass out of the agency’s control and become final and no longer subject to modification. This rule assures that there will be ’a terminal point in every proceeding at which the parties and the public may rely on a decision of such an agency as being final and dispositive of the rights and issues involved therein. This is, of course, the same rule that governs the finality of decisions of courts. It is as essential with respect to orders of administrative bodies as with those of courts.”
“ . . . we experience no qualms in holding that in entering the order under review the commission went far beyond any power it has to modify an order previously entered. The order here involved was not entered on rehearing or reconsideration as permitted by the commission’s rules of procedure. As noted above, it was entered more than four years after the entry of the order which it purported to modify. Neither was it based on any change in circumstances or on any demonstrated public need or interest.”
See also 73 C.J.S. Public Administrative Bodies and Procedure § 156b, p. 490.
Since the Louisiana Public Service Commission has circumvented the statutory procedures, we conclude that it has abused its power. See White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (1971). Hence, we must vacate its order.
*984 For the reasons assigned, the judgment of the district court affirming the order of the Louisiana Public Service Commission is reversed and the order of the Commission amending Certificate Nos. 5068 and 5185E is vacated and set 'aside. All costs are assessed against Saia Motor Freight Line, Inc.

. The Commission rules allowed ten days from service of the order for filing a motion for rehearing. Sub-section L(5). Rules of Practice Before the Louisiana Public Service Commission. At that time, the delay for instituting judicial review was three months. Act 171 of 1908, sections 2 and 3.